IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MATERION CORPORATION,** | ) |
| | ) Case No. 1:22-cv-352 |
| **Plaintiff/Counterclaim Defendant,** | ) |
| | ) **Judge Dan Aaron Polster** |
| v. | ) |
| | ) **OPINION & ORDER** |
| **FASTENAL COMPANY,** | ) |
| | ) |
| **Defendant/Counterclaimant.** | ) |

Before the Court is Plaintiff/Counterclaim Defendant Materion Corporation's Partial Motion to Dismiss Counterclaim Counts III, IV, and VI (the "Motion"). ECF Doc. 11. For the following reasons, the Motion is DENIED in part and GRANTED in part.

### BACKGROUND[1]

In February 2019, Plaintiff/Counterclaim Defendant Materion Corporation ("Materion") and Defendant/Counterclaimant Fastenal Company ("Fastenal") entered into a three-year contract (the "Supply Agreement"). ECF Doc. 6, Countercl. at ¶ 5. Pursuant to the Supply Agreement, Fastenal was obligated to deliver certain safety products to Materion, including personal protective equipment ("PPE"), lockers, and bins, in exchange for payment. ECF Doc. 1-1 at 15-21. In addition, Fastenal guaranteed to provide Materion with cost savings, and the Supply Agreement enumerated several cost-saving categories. *Id.* at 15-16. The Supply Agreement also obligated Materion to pay attorneys' fees associated with Fastenal's collection of unpaid invoices. *Id.* at 13.

The onset of the COVID-19 pandemic coincided with the parties' second contract year, and Fastenal struggled to fulfill Materion's PPE orders. ECF Doc. 6, Countercl. at ¶¶ 20-22. As the price of PPE rose, Fastenal absorbed the increased cost of these goods because the Supply

---

[1] Give the procedural posture, the Court takes these facts from the governing contract and from Fastenal's allegations, which are assumed to be true. *See Maclin v. Reliable Reports of Tex.*, 314 F. Supp. 3d 845, 851 (N.D. Ohio 2018).

Agreement locked-in flat prices for Materion. *Id.* at ¶¶ 21-27. To provide the contractually required cost savings to Materion, Fastenal delivered alternative cost-saving services—such as safety inspections and exemption from COVID-19-related price hikes (the "Alternative Services")—that may not have been contemplated by the Supply Agreement's cost-saving categories. *Id.* at ¶¶ 27, 53; *see also* ECF Doc. 1-1 at 15-16. Materion accepted the benefit of the Alternative Services but subsequently refused to credit these services as "cost savings" within the meaning of the Supply Agreement. ECF Doc. 6, Countercl. at ¶¶ 54-59.

During year three, Fastenal considered terminating the Supply Agreement due to continued pandemic-related problems, but it decided not to do so when Materion indicated that it was open to amending some terms. *Id.* at ¶¶ 29-31. Materion then rejected every proposed amendment because it had no financial incentive to change the Supply Agreement. *Id.* at ¶¶ 32-34.

On October 12, 2021, Fastenal terminated the Supply Agreement with 90 days' notice. *Id.* at ¶ 35. During the wind-down period, the parties attempted to settle Materion's balance but were unable to do so, and Materion's balance remains unpaid. *Id.* at ¶¶ 37-39.

On February 1, 2022, Materion instituted this action in the Court of Common Pleas, Cuyahoga County, and brought a breach of contract claim for Fastenal's failure to fulfill the guaranteed cost savings. ECF Doc. 1-1 at 7, 10. The case was removed to this Court on March 3, 2022, and Fastenal then filed its counterclaim. ECF Doc. 1 at 5; ECF Doc. 6.

Materion now seeks to dismiss three counts of Fastenal's counterclaim—quantum meruit (Count III), unjust enrichment (Count IV), and attorneys' fees (Count VI)—under Rule 12(b)(6). ECF Doc. 11. Fastenal opposed the Motion, ECF Doc. 13, and Materion declined to submit a reply brief. The Court has reviewed the parties' submissions, and it now partially denies and partially grants the Motion for the following reasons.

## STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, a district court must view the complaint or counterclaim in a light most favorable to the non-movant and accept well-pleaded allegations as true. *Buddenberg v. Weisdack*, 939 F.3d 732, 738 (6th Cir. 2019). The factual allegations must be sufficient "to state a plausible claim to relief" for the claim to survive a motion to dismiss. *Saumer v. Cliffs Nat. Res., Inc.*, 853 F.3d 855, 858 (6th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, a court need not accept legal conclusions as true. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The district court's ultimate function is to test the claim's legal sufficiency. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).

## ANALYSIS

The Motion argues for dismissal under Rule 12(b)(6) on two grounds: (1) the law prohibits recovery in quasi-contract when an express contract exists, and this requires dismissal of Fastenal's claims for quantum meruit (Count III) and unjust enrichment claim (Count IV); and (2) a claim for attorneys' fees is not an independent cause of action under Ohio law, and this mandates dismissal of Count VI.[2] The Court addresses these arguments in turn below.

**A.**     **Unjust Enrichment & Quantum Meruit**[3]

Materion first argues that Fastenal has failed to state a claim for either unjust enrichment or quantum meruit because recovery in quasi contract is foreclosed when an express contract governs the same subject matter as the alleged unjust enrichment. ECF Doc. 11 at 3-4. Thus, Fastenal cannot plead either unjust enrichment or quantum meruit in Counts III and IV while also

---

[2] The Supply Agreement specifies that Ohio law governs all disputes relating to the contract, and neither party challenges the choice-of-law clause. *See* ECF Doc. 1-1 at 25. Accordingly, the Court applies Ohio law when testing the sufficiency of the challenged counterclaims.

[3] For the sake of brevity, the Court will refer only to unjust enrichment throughout this section because quantum meruit has identical elements. *See Gaymar Indus. v. FirstMerit Bank, N.A.*, 311 F. App'x 814, 816 (6th Cir. 2009).

pleading in Count I that the Supply Agreement is a valid and enforceable contract because all three counts involve, in part, the same subject matter—*i.e.*, Materion's refusal to credit Fastenal for the Alternative Services. *Id.*

To state a claim for unjust enrichment under Ohio law, the counterclaim must allege: (1) the counterclaimant conferred a benefit on the counterclaim defendant; (2) the counterclaim defendant knew of the benefit; and (3) the counterclaim defendant retained the benefit "under circumstances where it would be unjust to do so without payment." *Reisenfeld & Co. v. Network Group, Inc.*, 277 F.3d 856, 860 (6th Cir. 2002) (citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (Ohio 1984)).

A counterclaimant is generally permitted to plead alternatively both breach of contract and unjust enrichment, even though an express contract typically forecloses recovery for unjust enrichment. *Szep v. General Motors LLC*, 491 F. Supp. 3d 280, 299 (N.D. Ohio 2020) (citing *Cristino v. Bureau of Workers' Comp.*, 977 N.E.2d 742, 753-54 (Ohio Ct. App. 2012)); *see also* Fed. R. Civ. P. Rule 8(a)(3). For instance, alternative pleading is proper when a counterclaimant alleges "fraud, bad faith, or illegality" by the defendant because, if proven, the counterclaimant may recover for both breach of contract and unjust enrichment. *Id.*; *see also Chapman v. Westlake Fin. Servs.*, 20-CV-01168, 2021 WL 4220680, at *5 (N.D. Ohio. Sept. 13, 2021).

Here, there is no dispute that Fastenal has pleaded the elements of unjust enrichment. The counterclaim specifically alleges that Fastenal provided the Alternative Services to Materion, which knowingly accepted the services but refuses to compensate Fastenal for the benefit. ECF Doc. 6, Countercl. at 17-18. Therefore, the counterclaim makes the necessary allegations.

Moreover, Fastenal's unjust enrichment claim is a proper alternative to its breach of contract claim because Fastenal has alleged that Materion acted in bad faith. *See* ECF Doc. 6,

Countercl. at ¶¶ 31-35, 46, 52, 60. Fastenal claims that it intended to exercise its right to terminate the Supply Agreement when pandemic-related disruptions and cost increases made Fastenal's performance difficult and costly, but Materion induced Fastenal to refrain from terminating the agreement with false assurances of renegotiation. *Id.* at ¶¶ 31-35. Ultimately, Materion refused to renegotiate because it benefited from the Supply Agreement's original, pre-pandemic terms. *Id.* Accepting these allegations as true, Materion may have been motivated by self-interest and, in turn, acted in bad faith by persuading Fastenal to refrain from exercising its contractual right of termination. *Cf. Master Chem. Corp. v. Inkrott*, 55 Ohio St.3d 23, 28 (1990) ("Bad faith [is] that which imports a dishonest purpose and implies wrongdoing or some motive of self-interest."). Thus, while Materion is generally correct that a successful breach of contract claim precludes recovery under an unjust enrichment theory, ECF Doc. 11 at 3-4, this rule does not apply at the pleading stage when Fastenal has alleged bad faith, *see Cristino*, 977 N.E.2d at 753.[4]

Accordingly, Fastenal's alternative claims for unjust enrichment and quantum meruit have been properly pleaded. The Motion is denied with respect to Counts III and IV.

**B.** <u>**Attorneys' Fees**</u>

Next, Materion argues that Fastenal's claim for attorneys' fees in Count VI is not recognized as an independent cause of action under Ohio law. ECF Doc. 11 at 5. Thus, Materion maintains that dismissal of this count under Rule 12(b)(6) is appropriate. *Id.*

The Court agrees with Materion and concludes that a claim for attorneys' fees is not an independent cause of action. *See Avis Rent a Car Sys., LLC v. City of Dayton*, 12-cv-399, 2013

---

[4] Fastenal also argues that its unjust enrichment and quantum meruit claims are proper because the parties dispute whether the Alternative Services fell within the scope of the Supply Agreement's cost savings requirement. ECF Doc. 13 at 4-5. However, courts have varied widely on whether a challenge to the scope of an express agreement provides sufficient basis for an unjust enrichment claim to survive dismissal. *See Highman v. Gulfport Energy Corp.*, 2020 WL 6204344, at *3 (S.D. Ohio Oct. 22, 2020) (noting the disparity in how courts address this issue and collecting cases). The Court will refrain from wading into this dispute because dismissal has been denied on other grounds.

WL 4504429, *2 (S.D. Ohio Aug. 22, 2013) (explain that an attorneys' fees claim is "not cognizable under Ohio law as a free-standing cause of action"). While Fastenal cites several cases in which an Ohio court approved an attorneys' fees counterclaim, none of those cases control here because they all involved enforcement of an inapplicable Ohio statute, which authorizes attorneys' fees following frivolous litigation. *See* ECF Doc. 13 at 6 (citing *Texler v. Papesch*, 9th Dist. No. 18977, 1998 WL 597870, at *2 (Ohio Ct. App. Sept. 2, 1998)). Nor is the Court persuaded by Fastenal's argument that it must plead attorneys' fees as an independent cause of action to avoid waiving the contractual claim. *Id.* at 6-7. Rather, Fastenal must first request attorneys' fees in the pleadings—which can be accomplished in the prayer for relief—and then may either prove the alleged damages at trial or reserve the issue for resolution by a post-verdict motion. *Escue v. Sequent, Inc.*, 09-cv-765, 2015 WL 470838, at *6 (S.D. Ohio Feb. 4, 2015). Accordingly, Count VI is dismissed, but, to be clear, this ruling does not mean that Fastenal is precluded from attempting to recover attorneys' fees under the Supply Agreement at a later date.

## CONCLUSION

In sum, Fastenal has sufficiently pleaded its causes of action for unjust enrichment and quantum meruit, but the claim for attorneys' fees is not recognized as a stand-alone cause of action. Therefore, Materion's Partial Motion to Dismiss Counterclaims (ECF Doc. 11) is **DENIED** with respect to Counts III and IV and **GRANTED** with respect to Count VI.

**IT IS SO ORDERED.**

**Date:** June 30, 2022

*/s/ Dan Aaron Polster*
**Dan Aaron Polster**
**United States District Judge**
